IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHELLE M. SEQUEIRA,

    Plaintiff,

vs.

LINCOLN NATIONAL LIFE INSURANCE COMPANY, THE CITY OF VACAVILLE, and DOES 1-20, inclusive,

    Defendants.

No. CIV-S-10-2671 KJM-EFB

ORDER

---

This matter comes before the court on plaintiff's motion to remand (ECF 8), defendant City of Vacaville's ("Vacaville") motion to dismiss (ECF 5), and defendant Lincoln National Life Insurance Company's ("Lincoln") motion to dismiss or in the alternative to strike. (ECF 6.) These motions were heard on April 27, 2011; Terrence Coleman appeared for plaintiff, Richard Osman appeared for Vacaville, and Melissa Cowan appeared for Lincoln. For the following reasons, the court hereby GRANTS plaintiff's motion and DENIES defendants' motions as moot.

I. PROCEDURAL HISTORY

On July 12, 2010, plaintiff filed a Government Claim ("Claim") against Vacaville alleging Vacaville "misrepresented to Mr. Sequeira and his wife the effective date of the life

1

insurance policy which he purchased through the City; [Vacaville] failed to procure supplemental group insurance coverage it agreed to procure and otherwise provided inaccurate and/or incomplete information." (Not. of Removal, Ex. 4 at 1, ECF 1-1.) Vacaville denied the claim on August 11, 2010. (Lincoln's Opp'n at 4, ECF 15.)

Plaintiff filed a complaint in Solano County Superior Court against Lincoln, Vacaville, and Does 1-20 on August 31, 2010, alleging five causes of action: 1) breach of contract against Lincoln; 2) breach of contract against Vacaville; 3) breach of the covenant of good faith and fair dealing against Lincoln; 4) negligent misrepresentation against Vacaville;[1] and 5) negligence against Vacaville. (ECF 1-1.) Lincoln removed the action to this court on October 1, 2010. (ECF 1.) Vacaville filed the present motion to dismiss on October 8, 2010. (ECF 5.) Plaintiff filed her opposition to Vacaville's motion on March 2, 2011. (ECF 20.) Vacaville filed its reply on March 9, 2011. (ECF 26.) Lincoln filed the present motion to dismiss or, in the alternative, to strike, on October 8, 2010. (ECF 6.) Plaintiff filed her opposition to Lincoln's motion on March 2, 2011. (ECF 23.) Lincoln filed its reply on March 9, 2011. (ECF 24.) Plaintiff filed the present motion to remand on November 1, 2010. (ECF 8.) Lincoln filed its opposition on December 27, 2010, which Vacaville joined on December 28, 2010. (ECF 15 & 16.) Plaintiff filed her reply on March 9, 2011. (ECF 25.)

II. FACTS

Plaintiff is the surviving wife of the insured, Donald Sequeira ("Donald"). (Pl.'s Mot. at 1.) Donald was an employee of the Vacaville Public Works Department. (*Id*. at 2.) Plaintiff alleges that in October 2009, Vacaville agreed to purchase supplemental life insurance for Donald that would be effective on January 1, 2010 and provide a $275,000 death benefit. (*Id*.) Donald did not attend work on January 1, 2010. (*Id*. at 3.) Donald died on January 6, 2010. (*Id*.) Plaintiff filed a claim for benefits with Lincoln on January 19, 2010. (*Id*.) The

---

[1] Plaintiff has conceded this claim. (Pl.'s Mot. at 2 n.1.)

claim was denied on March 26, 2010, with Lincoln contending that the supplemental life insurance was not effective on January 1, because Donald did not attend work that day.  (*Id*.)

III. ANALYSIS

    A.    Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction [] may be removed by the defendant or the defendants [] to the district court . . . ."  28 U.S.C. § 1441(a).  District courts have original jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties.  28 U.S.C. §§ 1331, 1332(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id*. (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper."  *Id*.  Furthermore, "removal jurisdiction is strictly construed in favor of remand."  *Nasrawi v. Buck Consultants, LLC*,  776 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011) (citing *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)).  Accordingly, "the court resolves all ambiguity in favor of remand to state court."  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Where removal is based on plaintiff's alleged joinder of a sham defendant, "'if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and

3

remand the case to the state court.'" *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)).  "Although there is a general presumption against fraudulent joinder [], if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007) (internal citation and quotation omitted).  "[A] defendant must have the opportunity to show that the individual joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) (the district court may look beyond the pleadings to determine whether joinder was fraudulent).   In removing a case based upon fraudulent joinder, the defendant must make a "showing . . . such as compels the conclusion that the joinder is without right and made in bad faith . . . ." *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914).  "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi*, 776 F. Supp. 2d at 1169-70.

      B.    Application

        Lincoln removed plaintiff's action by invoking this court's diversity jurisdiction, contending Vacaville is "a 'sham' defendant, fraudulently joined by plaintiff as a party defendant in the removed state court action for the purpose of destroying diversity."  (Not. of Removal ¶ 5.) Lincoln asserts that "Plaintiff cannot establish any conceivable claim against Vacaville under the allegations of the Complaint."  (*Id*. ¶ 5(a).)  Specifically, Lincoln maintains that plaintiff cannot pursue a breach of contract claim against Vacaville because: (1) if the contract relied upon is the policy, "Vacaville cannot . . . be held liable for Lincoln National's decision not to pay Plaintiff's claim under the insurance contract," even if an agency relationship theory is used; (2) there was never a separate contract between Donald and Vacaville; and (3) plaintiff's breach of contract

4

1  claim is barred because she did not present such a claim in the Government Claim form she
2  submitted to Vacaville under the California Tort Claims Act.  (*Id.* ¶ 5(c)(1).)  Moreover, Lincoln
3  contends that Vacaville is immune from liability for plaintiff's negligent misrepresentation
4  claim.  (*Id.* ¶ 5(c)(2).)[2]  Furthermore, Lincoln maintains that plaintiff's negligence claim against
5  Vacaville cannot survive because "[a] public entity cannot be held liable for common law
6  negligence" and "she has not pled, nor can she establish, any statutory basis or liability for these
7  alleged duties."  (*Id.* ¶ 5(c)(3).)

8           Plaintiff contends that her complaint states a cause of action for breach of contract
9  against Vacaville, because the contract allegedly breached was a contract to procure insurance.
10  (Pl.'s Mot. at 3.)  In so doing, plaintiff relies on cases finding insurance agents and brokers liable
11  for the failure to procure insurance and compares Vacaville to such insurance agents and
12  brokers.  "California cases . . . have held that 'the general rule [is] that [one] who fails to procure
13  insurance as requested will be liable for [the] resulting damage.'"  *Diversified Paratransit, Inc. v.
14  Checkmate Staffing, Inc.*, No. CC-07-1300 PaDMo, 2008 Bankr. LEXIS 4743, *17 (9th Cir.
15  B.A.P. Feb. 11, 2008) (quoting *Hydro-Mill Co. v. Hayward, Tilton and Rolapp Ins. Assocs., Inc.*,
16  115 Cal. App. 4th 1145, 1153 (1990)).  Lincoln's argument that Vacaville is not an insurance
17  agent or broker and that cases are inapposite appears to be well-taken.  Plaintiff was unable to
18  provide any further support for her position at hearing.  Nonetheless, for purposes of determining
19  whether Vacaville is a sham defendant, "all disputed questions of fact and all ambiguities in the
20  controlling state law are resolved in the plaintiff's favor."  *LCAP Advisors, LLC v. Penrith
21  Group, Inc.*, No. SACV 11-380 AG (MLGx), 2011 U.S. Dist. LEXIS 41353, at *6 (C.D. Cal.
22  Apr. 11, 2011).  The question of whether a contract existed is one of fact.  *Robinson & Wilson,
23  Inc. v. Stone*, 35 Cal. App. 3d 396, 407 (1973).  Thus, there is a "possibility that a state court
24  would find that the complaint states a cause of action against any of the resident defendants [and

---

[2] As previously mentioned, plaintiff concedes this point.  (Pl.'s Mot. at 2 n.1.)

5

this] court must find that the joinder was proper and remand the case to the state court.'" *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)).

Furthermore, plaintiff contends the contract between Donald and Vacaville was valid. (Pl's Mot. at 6.) Although "it is well settled in California that public employment is not held by contract but by statute," "'public employment gives rise to certain obligations which are protected by the contract clause of the [State] Constitution.'" *Miller v. State of California*, 18 Cal. 3d 808, 813, 815 (1977) (quoting *Kern v. City of Long Beach*, 29 Cal. 2d 848, 853 (1947)); *see also Retired Emps. Ass'n of Orange Cnty. v. Cnty. of Orange*, 52 Cal. 4th 1171, 1182-83 (2011) ("[W]here the employment relationship is governed by contract, a public employee's breach of contract claim is not simply defeated by his status as a public employee." (internal quotation omitted)). Lincoln is correct that plaintiff "has not alleged . . . that there is any statutory basis for [this] contract claim [with Vacaville]." (Not. of Removal at 7.) However, plaintiff claims there does not have to be a statutory basis for the alleged contract to procure insurance; specifically, she contends that the right to employment benefits for public employees is contractual, not statutory. (*See* Pl.'s Mot. at 6.) Lincoln further maintains that the alleged contract between Donald and Vacaville is void because plaintiff has not pled a contract meeting "strict government mandates." (Lincoln's Opp'n at 9.) However, Lincoln relies on support that is not entirely on point; this case does not involve a contract for services, nor does it involve the type of contract that California Government Code § 40602 requires be signed by the mayor.[3] Moreover, it is irrelevant to this analysis whether the alleged contract was written, oral, or implied.[4] *See Retired Emps. Ass'n of Orange Cnty.*, 52 Cal. 4th at 1179 ("[I]n the public

---

[3] "The mayor shall sign: (a) All warrants drawn on the city treasurer. (b) All written contracts and conveyances made or entered into by the city. (c) All instruments requiring the city seal." CAL. GOV'T CODE § 40602.

[4] Lincoln cites to *South Bay Senior Housing Corp. v. City of Hawthorne*, 56 Cal. App. 4th 1231, 1235 (1997) to support its contention that an implied contract cannot form the basis of

6

employment context, . . . governmental subdivisions may be bound by an implied contract if there is no statutory prohibition against such arrangements." (internal quotation and alterations omitted)).  Significantly, "[t]he existence of an implied contract is a question of fact," *Doctors Med. Ctr. of Modesto v. Global Excel Mgmt.*, No. 1:08-cv-01231 OWW DLB, 2009 U.S. Dist. LEXIS 71634, at *20 (E.D. Cal. Aug. 14, 2009) (citing *Div. of Labor Law Enforcement v. Transpacific Transp. Co.*, 69 Cal. App. 3d 268, 276 (1977)).  As previously noted, "all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor."  *LCAP Advisors*, 2011 U.S. Dist. LEXIS 41353, at *6.

Moreover, plaintiff's Government Claim Form is not a bar to her breach of contract claim.  California Government Code § 910 requires such claims to

> show all of the following:
> (a) The name and post office address of the claimant.
> (b) The post office address to which the person presenting the claim desires notices to be sent.
> (c) The date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted.
> (d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.
> (e) The name or names of the public employee or employees causing injury, damage, or loss, if known.
> (f) The amount claimed . . . .

California Government Code § 945.4 states: "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefore has been presented . . . ."  While Lincoln argues that plaintiff's Claim does not mention any contract between Donald and Vacaville, thus barring the breach of contract cause of action (Lincoln's Opp'n at 7), plaintiff contends she complied with these claim

---

liability against cities.  (Lincoln's Opp'n at 11.)  However, *South Bay* did not hold that an implied contract can never form the basis of liability; rather, it held that "no implied liability can arise" where "a statute limits a city's power to make certain contracts to a certain prescribed method and impliedly prohibits any other method."  56 Cal. App. 4th at 1235 (emphasis omitted).

7

presentation requirements.  (Pl.'s Mot. at 9.)  The "rationale underlying section 910 [is] to provide the public entity with notice of the action to permit investigation and, possibly, settlement to avoid the expense of litigation." *Chalmers v. Cnty. of Los Angeles*, 175 Cal. App. 3d 461, 465 (1985).  "[A] claim under Government Code section 910 is sufficient if (1) there is 'some compliance with all of the statutory requirements'; and (2) the claim discloses sufficient information to enable the public entity adequately to investigate the merits of the claim so as to settle the claim, if appropriate." *Cnty. of Los Angeles v. Superior Court*, 159 Cal. App. 4th 353, 360 (2008) (emphasis omitted).  Plaintiff substantially complied with § 910's requirements. *See Schaefer Dixon Assocs. v. Santa Ana Watershed Project Auth.*, 48 Cal. App. 4 th 524, 532 (1996) ("Substantial compliance is all that is required."); *see also Wood v. Riverside Gen. Hosp.*, 25 Cal. App. 4th 1113, 1118 (1994) (discussing substantial compliance test).  Plaintiff wrote on the Claim: "The City of Vacaville misrepresented to Mr. Sequeira and his wife the effective date of the life insurance policy which he purchased through the City; the City of Vacaville failed to procure supplemental group insurance coverage it agreed to procure and otherwise provided inaccurate and/or incomplete information." (Sequeira Decl., Ex. D, ECF 9-1.)  Section 910 does not require that plaintiff state the legal theories upon which her claim is based or that the Claim Form "conform to pleading standards," *Shoemaker v. Myers*, 2 Cal. App. 4th 1407, 1426 (1992); rather, she was required to provide the "date, place, and other circumstances" and a  "general description," which she did.  The question on the Claim Form itself does not ask for the legal theory upon which her claim is based; it only asks, "What action or inaction of City officials or employee(s) allegedly caused your injury or damage?"  Plaintiff provided sufficient information for Vacaville to investigate the claim.

        Thus, defendants have failed to show "there is no possibility that [plaintiff] could prevail on any cause of action it brought" against Vacaville, *LCAP Advisors*, 2011 U.S. Dist. LEXIS 41353, at *8 (internal quotation omitted), or that plaintiff's alleged failure to state a claim is so obvious according to the settled rules of the state that Vacaville must be a sham defendant.

*See Hamilton Materials,* 494 F.3d at 1206.[5]  This case is remanded to Solano County Superior Court.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is hereby GRANTED and defendants' motions to dismiss are hereby DENIED as moot.  This case is REMANDED to Solano County Superior Court.  The clerk of the court is directed to CLOSE this case.

SO ORDERED.

DATED: January 26, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[5] Having found that defendant has failed to show plaintiff cannot state a claim for breach of contract, the court finds it unnecessary to reach plaintiff's negligence claim.

9